Michael A. Isaacs, State Bar No. 99782
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-Mail:   misaacs@luce.com
          jfillerup@luce.com
          nle@luce.com

Attorneys for Appellee JANINA M. ELDER,
Chapter 11 Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER RIVERA,<br><br>    Appellant,<br><br>v.<br><br>JANINA M. ELDER, Trustee,<br><br>    Appellee. | Case No. 07 CV 05882 SC<br><br>**NOTICE OF RELATED CASE (N.D. LOCAL RULE 3-13)** |

Appellee Janina M. Elder, Chapter 11 Bankruptcy Trustee, hereby submits this Notice of Related Case pursuant to Northern District Local Rule 3-13, as follows:

This is an appeal by appellant Javier Rivera from an order entered by United States Bankruptcy Judge Thomas E. Carlson on November 2, 2007 in a bankruptcy case captioned <u>In re Sophie Ng</u>, United States Bankruptcy Court, Case No. 06-30904TEC (the "Ng Bankruptcy"). In January, 2007, Patricia Hewlett filed a proof of claim in the Ng Bankruptcy claiming that various pre-bankruptcy-petition contracts entitled her to manage and operate a 24-unit apartment building in San Francisco (the "Property"). The Property was owned by Sophie Ng (the "Debtor") when the bankruptcy petition was filed, although Ms. Hewlett had operated the building, rented units in

the building, and received rents from tenants prior to the bankruptcy filing. The proof of claim also alleged that Ms. Hewlett had the right to buy the Property for $3 million. The Property became part of the bankruptcy estate when the bankruptcy petition was filed in September, 2006.

After Janina M. Elder (the "Trustee") was appointed the Chapter 11 bankruptcy trustee in the Ng Bankruptcy, the Trustee filed an adversary proceeding against Ms. Hewlett alleging that the contracts which were the basis of the proof of claim had been induced by fraud, breach of fiduciary duty, and elder abuse. The adversary complaint also objected to Ms. Hewlett's proof of claim.

The Trustee then filed a motion to sell the Property free and clear of liens and interests, including the claim by Patricia Hewlett, pursuant to 11 U.S.C. Section 363(f). Bankruptcy Judge Thomas E. Carlson granted the Trustee's motion and entered an order granting the motion on August 20, 2007. This order allowed the Trustee to market and sell the Property. The order also ordered Ms. Hewlett to cooperate with the Trustee's efforts to market and sell the Property. Ms. Hewlett did not cooperate in the Trustee's efforts to sell the Property.

In September, 2007, the Trustee entered into a contract to sell the Property to A.J. Batt for $4.6 million (the "Batt Contract"). A condition of the Batt Contract required that the Trustee remove Ms. Hewlett from the Property because Ms. Hewlett claimed to reside in one of the apartments (unit #3) on the Property. Judge Carlson approved the proposed sale to A.J. Batt and allowed the Trustee to file a motion seeking the removal of Ms. Hewlett from the Property in order to satisfy the condition in the Batt Contract. On September 19, 2007, the Trustee filed a motion to remove Ms. Hewlett from the property. The Trustee's motion was heard on September 28, 2007, at which time Judge Carlson granted the motion and ordered Ms. Hewlett removed from the Property, and a written order was entered on September 28, 2007.

After the September 28 hearing before Judge Carlson, in violation of the automatic bankruptcy stay, Ms. Hewlett filed a complaint against the Trustee with the San Francisco Rent Control Board (the "Board") claiming that Ms. Hewlett was a residential tenant in unit #3 and that she had been wrongfully evicted. The Trustee filed a request for dismissal of the complaint because (i) it violated the automatic stay, and (ii) the Bankruptcy Court had exclusive jurisdiction

over the Property because it was an asset of the bankruptcy estate. The Board granted the Trustee's request and dismissed the complaint.

When Ms. Hewlett's complaint with the Board was unsuccessful, she caused her brother (Javier Rivera) to take possession of unit #3, and he claimed to be a residential tenant in unit #3. The Trustee demanded that Mr. Rivera vacate unit #3, and he refused. Mr. Batt refused to close on the Batt Sale while Mr. Rivera continued to occupy unit #3. Judge Carlson allowed the Trustee to depose Mr. Rivera about his claim to be a residential tenant in unit # 3. Mr. Rivera testified that he had never slept in unit #3 until just a few weeks before the deposition, and when he was cross-examined further during the deposition about his claim to have lived in unit #3 for several years, he refused to answer any further questions based upon the Fifth Amendment right against self incrimination. The deposition could not be concluded because of Mr. Rivera's repeated assertions of the Fifth Amendment and refusal to answer questions.

The Trustee sought an order shortening time for a motion to remove Mr. Rivera from the Property, which was granted, and Judge Carlson heard the Trustee's motion on November 2, 2007. Judge Carlson granted the Trustee's motion and entered an order on November 2, 2007 removing Mr. Rivera from the Property that day. The Trustee was then able to close on the Batt Sale, and the sale of the Property to Mr. Batt has been concluded.

Ms. Hewlett did not file a timely notice of appeal of the September 28, 2007 order, so on October 28, 2007, she filed a new action in the United States District Court for the Northern District of California, which is captioned Patricia Hewlett v. United States Bankruptcy Court, Case No. C07-05532CRB (the "Mandamus Action"). Ms. Hewlett sought a writ of mandamus ordering the Bankruptcy Court to vacate the September 28, 2007 order removing Ms. Hewlett from the Property. Ms. Hewlett claimed in the Mandamus Action that she did not have adequate notice of the motion to remove her from the Property and the order was erroneous. The Mandamus Action was assigned to Judge Breyer. Judge Breyer denied Ms. Hewlett's petition for a writ of mandamus.

On November 5, 2007, Mr. Rivera filed a notice of appeal and this appeal was assigned to Judge Samuel Conti on November 20, 2007. Mr. Rivera's appeal claims that he was improperly

1  removed from the Property and the order removing him was erroneous, which is related to the
2  arguments made to Judge Breyer in the Mandamus Action.
3      This appeal is related to the previously-filed Mandamus Action, so the Trustee requests
4  that this case be re-assigned to Judge Breyer.
5      On November 5, 2007, Ms. Hewlett filed a notice of appeal of Judge Carlson's September
6  28, 2007 order removing her from the Property. That appeal was assigned to Judge Martin J.
7  Jenkins on November 20, 2007. The Trustee has filed a Notice of Related Case in that appeal,
8  requesting that that appeal also be re-assigned to Judge Breyer.

DATED: November 29, 2007          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

                                  By: _____
                                      Jeffrey L. Fillerup
                                      Attorneys for Appellee JANINA M. ELDER,
                                      Chapter 11 Trustee

301022734.1